UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL JOHNSON, | No. 2:21-cv-0258 DB P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY PUBLIC DEFENDER'S OFFICE, et al., | |
| Defendants. | |

Plaintiff, a county inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his right were violated because the Solano County Public Defender's Office and Conflict Defender's Office refused to represent him. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 5) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will deny the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff submitted an application to proceed in forma pauperis. (ECF No. 5.) However, shortly thereafter plaintiff paid the filing fee in full. Because plaintiff has paid the filing fee, the court will deny the motion to proceed in forma pauperis as moot.

////

////

# SCREENING

## I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff has identified the Solano County Public Defender's office, the Solano County Conflict Defender's Office, Michael Ju, and Robert Boyles as defendants in this action. (ECF No. 1 at 1.)

He alleges that he was arrested in Solano County and brought to court for arraignment. (Id. at 3.) He was assisted at this hearing by attorney Michael Ju from the public defender's office. In a later visit, plaintiff was told that the Solano County Public Defender's Office received a phone call indicating that plaintiff could afford his own attorney. Plaintiff then received assistance from the Solano County Conflict Defender's office. The attorney from the

3

that office, Robert Boyles, later told plaintiff that the office had received information that plaintiff could afford his own attorney. Plaintiff states, that as a result he was forced to proceed without counsel. Plaintiff seeks monetary damages for the emotional stress he suffered. (Id. at 3-4.)

### III. Does Plaintiff State a Claim Under § 1983?

In order to state a claim under § 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or other law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court notes, that the complaint does not contain sufficient information for the court to find that plaintiff has stated a cognizable claim. The court has identified a number of potential issues with the complaint and plaintiff's claim below.

#### A. Public Defenders are Immune

A defendant has "'the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds.'" United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006) (quoting Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624-25 (1989). Generally, criminal defense attorneys, including public defenders, are considered private parties who did not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 317-325 (1981) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he is not acting on behalf of the state; he is the state's adversary); Vermont v. Brillon, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor). Accordingly, plaintiff cannot state a claim against attorneys Ju and Boyles who were briefly appointed to represent him.

Plaintiff could potentially state a claim based on the allegation that the Solano County Public Defender's Office and Conflict Defender's office wrongfully determined that he was not indigent. See Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965) (Deliberate denial of counsel is a deprivation of rights guaranteed by the Sixth and Fourteenth Amendments.). However, plaintiff is advised that if the offices correctly determined that he was not indigent, he has no right to be represented by the public defender or conflict defender. Gideon v. Wainwright, 372 U.S. 335,

344 (1963) (A non-indigent adult has no constitutional right to appointed counsel.); see also Cal. Gov. Code § 27707 (if the public defender determines that a defendant is financially able to employ counsel, it may not render services for that defendant). Additionally, in order to state a claim, plaintiff must show an actual injury. Weatherford v. Bursey, 429 U.S. 545, 554 (1977).

In California the court in which the criminal proceedings are pending makes the final determination regarding whether a defendant is able to afford counsel. Cal. Gov. Code § 27707; see also People v. Longwith, 125 Cal.App.3d 400, 411 (1981) disapproved of on other grounds by People v. Barnum, 299 Cal.4th 1210 (2003) (The trial court is responsible for determining whether the defendant is indigent, but the public defender provides services until such time as a contrary decision is made by the court.). To the extent plaintiff seeks to challenge the trial court's determination that he was not indigent, such a claim is likely not cognizable. See Hunt v. California, No. 2:20-cv-0109 TLN AC PS, 2020 WL 977866 at *2 (E.D. Cal. Feb. 28, 2020), findings and recommendations adopted, 2020 WL 1702237 (dismissing with prejudice plaintiff's claim that his rights were violated by trial court's determination that he was denied counsel by trial court judge because judge is immune from suit).

The court cannot determine whether plaintiff can state a cognizable claim based on the allegations as stated in the complaint. However, the court will grant plaintiff the opportunity to file an amended complaint.

**B. Heck Bar**

The Supreme Court has held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the "literal terms of § 1983." Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). In Heck v. Humphrey, the Court applied the reasoning of Preiser to a § 1983 claim for damages. Thus, a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" unless his conviction and sentence have previously been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into
////

question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

It is not clear from the face of the complaint if plaintiff has been convicted of the charges for which he was arrested or if his case is still pending in state court. To the extent plaintiff's claim in this action would imply the invalidity of any conviction, he is informed that such an action cannot proceed unless his conviction has been reversed.

### C. Rooker-Feldman

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a stated court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claims that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

To the extent plaintiff intends to challenge a state court determination that he is not indigent and does not qualify for a public defender, he is advised that such a claim cannot be brought in this court.

**IV. Amending the Complaint**

As set forth above, the complaint does not state a cognizable claim. However, plaintiff will be given the opportunity to file an amended complaint. Any amended complaint should indicate whether he has been convicted of the offense for which he was arrested if any state court proceedings are ongoing, including any appellate proceedings.

Additionally, an amended complaint must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claim's plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

| | |
|---|---|
| 1 | N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, |
| 2 | which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. |
| 3 | An amended complaint must be complete in itself without reference to any prior pleading. |
| 4 | E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. |
| 5 | Any amended complaint should contain all of the allegations related to his claim in this action.  If |
| 6 | plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended |
| 7 | complaint. |
| 8 | By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and |
| 9 | has evidentiary support for his allegations, and for violation of this rule the court may impose |
| 10 | sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11. |

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is denied as moot.

2. The complaint (ECF No. 1) is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 3, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB.Prisoner.Inbox/Civil.Rights/S/john0258.scrn

8